Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
LAW OFFICES OF MICHELLE GHIDOTTI, APC
5120 E. LaPalma, Suite 206
Anaheim, CA 92807
Phone:  (949) 354-2601
Fax:  (949) 200-4381
Email: mghidotti@ghidottilaw.com

Attorney for Movant,
KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE
OF STECKLER TRUST DATED APRIL 3, 2001

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| **In re:** | **CASE NO: 2:16-bk-12252-VZ** |
| **FRANCISCO E. HERNANDEZ,** | **CHAPTER 13** |
| **Debtor,** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE OF STECKLER TRUST DATED APRIL 3, 2001'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. 362 (INCLUDING REQUEST TO ANNUL AUTOMATIC STAY NUNC PRO TUNC)** |
| | **Date:  3/29/2016** **Time: 9:30 am** **Ctrm: 1368** |

## I.   INTRODUCTION

This Motion is based on the fact that this case was filed in bad faith as part of a scheme involving multiple bad faith bankruptcy filings by debtor Francisco E. Hernandez ("Debtor") and his wife, Katya Morena Hernandez, ("K. Hernandez"), in order to prevent Movant from exercising its legitimate rights and remedies under a note secured by a trust deed against the real property located at 3517 Lowell Avenue, Los Angeles, CA 90032 ("Property"). As a result,

Movant's nonjudicial foreclosure sale of the Property was conducted during the pendency of and without knowledge of this case, which sale Movant now seeks to validate.

## II.    STATEMENT OF FACTS

1.    On or about January 25, 2005, Debtor and K. Hernandez executed a note in favor of Mortgage Electronics Registration Systems, Inc., as nominee for RESMAE Mortgage Corporation, in the principal amount of $160,500.00 ("First Note") which was secured by a Deed of Trust recorded against the Property on March 2, 2005, as Document No. 05 0473163 in the Office of the County Recorder of Los Angeles County, California ("First DOT"). The First Note and First DOT and related loan documentation are hereinafter sometimes referred to as the "First Loan").[1]

2.    On or about October 2, 2006, Debtor and K. Hernandez, for valuable consideration, made, executed and delivered to Home Loan Equity Corporation, and Kevin Steckler and Terry Steckler as Trustees of Steckler Trust dated April 3, 2001, a Home Equity Revolving Line of Credit in the principal sum of $60,000.00 ("Subject Note"), secured by a Deed of Trust ("Subject Deed of Trust") dated October 2, 2006, and recorded on October 6, 2006, as Document No. 06-2229494 in the Office of the County Recorder of Los Angeles County, California.[2]

3.    The Subject Deed of Trust of Trust provides, in pertinent part, as follows:

> (4) To pay at least ten days before delinquency . . . . when due, all encumbrances, charges and *liens, with interest*, on said Property or any part thereof, which appear to be prior to or superior hereto; and all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter , upon said Property for such purpose, appear in and

---

[1] The First Note and First DOT are evidenced in the Notices of Default attached as Exhibits "3' and "4," respectively to the accompanying Request for Judicial Notice ("RJN") and incorporated herein by reference.
[2] A true and correct copy of the Subject Deed of Trust is attached as Exhibit "1" to the RJN and incorporated herein by reference.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY

defend any action or proceeding purport to affect the security hereof or the rights or powers of Beneficiary or Trustor, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be proper or superior hereto, and in exercising any such power, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with finance charges from date of expenditure at the *applicable Annual Percentage Rate in the AGREEMENT. . . .*"
(emphasis added)

4.    The Subject Note and Subject Deed of Trust and related loan documentation are sometimes hereinafter collectively referred to as the "Subject Loan".

5.    On or about June 16, 2015, an Assignment of Deed of Trust was recorded against the Property reflecting that Home Equity Corporation assigned all its rights, title and interest in the Subject Loan to Movant.[3]

6.    Movant is informed and believes that Debtor defaulted under the First NOTE and First DOT, and as a result a Notice of Default and Election to Sell under Deed of Trust was recorded against the Property on November 29, 2010, as Document No. 20101723660 in the Office of the County Recorder of Los Angeles County, California ("First NOD").[4]  The First NOD reflects that at the time of its recording, Debtor was $44,724.21 in arrears under the First Note and the First Note was due for the March 1, 2008 installment and all subsequent monthly installments which became due under the First Note.

7.    Movant is informed and believes that after the recordation of the First NOD, the First Loan was modified.

8.    Movant is informed and believes that as a result of Debtor's continued defaults under the

---

[3] A true and correct copy of the Assignment is attached as Exhibit "2" to the RJN and incorporated herein by reference

[4] A copy of the First NOD is attached as Exhibit "3" to the RJN and incorporated herein by reference.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY

First Note and First DOT,  a new Notice of Default and Election to Sell under Deed of Trust was recorded against the Property on November 21, 2014, as Document No. 2014-1254788 in the Office of the County Recorder of Los Angeles County, California ("2nd  NOD").[5]  The 2nd NOD reflects that at the time of its recording, Debtor was $21,932.59 in arrears under the First Note and was due for the July 1, 2013 installment, and all subsequent monthly installments which became due thereafter.

9.    Movant is informed and believes that as a result of Debtor's continued defaults under the First Note and First DOT, a Notice of Trustee's Sale was recorded against the Property on March 10, 2015, as Document No. 20150255632 in the Office of the County Recorder of Los Angeles County, California ("NOS").[6] Pursuant to the NOS, a sale of the Property was scheduled for April 1, 2015. The NOS further reflects that at the time of its recordation, approximately $247,581.81 was due and owing under the First Note and First DOT.

10.  In or about mid-March, 2015, Movant requested a payoff from the servicer of the First Loan and was informed that as of March 18, 2015, the total amount due under the Note was $246,228.50.

11.  On or about April 17, 2015, Movant advanced to the First DOT holder the sum of $250,600.23 to pay the First Loan in full and obtain a reconveyance of the First DOT.  As a result, a Full Reconveyance of the First Deed of Trust was recorded against the Property on May 8, 2015, as Document No. 20150534325 in the Office of the County Recorder of Los Angeles County ("Reconveyance"). [7]

12.  The Subject Note matured and became all due and payable on October 15, 2014.

---

[5] A true and correct copy of the 2nd NOD is attached as Exhibit "4" to the RJN and incorporated herein by reference

[6] A true and correct copy of the NOS is attached as Exhibit "5" to the RJN and incorporated herein by reference

[7] A true and correct copy of the Reconveyance is attached as Exhibit "6" to the RJN and incorporated herein by reference

13.    Debtor and his wife has been in default under the terms of the Subject Note and Deed of Trust throughout the life of the Subject Loan.

14.    Additionally, Debtor failed and refused to payoff the Subject Loan when it matured. As a result, on June 16, 2015, Movant caused a Notice of Default and Election to Sell to be recorded against the Property as Document No. 20150707112 in the Office of the County Recorder of Los Angeles County ("Subject NOD").[8] The Subject NOD reflects that as of June 9, 2015, $428,583.81 was due and owing in connection with the Subject Loan, which amount include the advance to pay off the First Loan.

15.    On September 18, 2015, Movant caused a Notice of Trustee's Sale to be recorded against the Property, as Document No. 20151161982 in the Office of the County Recorder of Los Angeles County, California ("Subject NOS").[9] Pursuant to the NOS, a sale of the Property was scheduled for October 19, 2015.  The NOS further reflects that at the time of its recordation, approximately $433,519.11 was due and owing under the Subject Note and Subject Deed of Trust.

16.    I am further informed and believe that since the origination of the Subject Loan, Debtor has allowed the Property to deteriorate and fall into a state of disrepair further jeopardizing Movant's security.

17.    It was imperative that Movant advance the sums to payoff the First Loan in order to stop the First lienholder's foreclosure sale and to prevent Movant's second priority lien from being extiguished.

18.    The history in this matter reflects that Debtor has been in substantial default under the First

---

[8] A true and correct copy of the Subject NOD is attached as Exhibit "7" to the RJN and incorporated herein by reference

[9] A true and correct copy of the Subject NOS is attached as Exhibit "8" to the RJN and incorporated herein by reference

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY

Loan and the Subject Loan since their respective origination, and that Debtor has allowed the Property to deteriorate and fall into a state of disrepair. Movant's Loan documents provide Movant with the right to advance funds and take appropriate action necessary to protect its security. Movant's payoff of the First Loan actually inured to the benefit of Debtor who would have otherwise lost the Property at the scheduled foreclosure sale.  Movant's Loan documents provide that any advances in connection with the Loan will incur interest at the rate set for the in the Subject Note.  It is significant to note that the Subject Note has a default interest provision, but, Movant has not invoked the default rate. Notwithstanding the foregoing, since foreclosure of a senior lien will extinguish the security interest of a junior lien, at the threat of foreclosure a junior lienor is entitled, even without express contractual authority, to pay off the senior lien.

19.   On October 8, 2015, K. Hernandez filed a Voluntary Petition under Chapter 13, Case No. 2:15-bk-25577-NB in the above-entitled Court ("1st BK").[10]

20.   On November 6, 2015 Movant filed an Objection to the Plan in the 1st BK Case and a supplement thereto contending that the Plan was not feasible.[11]

21.   Movant respectfully requested that the Court in the 1st BK Case deny confirmation of the Plan therein and dismiss this case.

22.   On February 8, 2016, the Court in the 1st BK Case entered its Order sustaining Movant's Objection to the Plan and setting a hearing on an Order to Show Cause why the case should not be dismissed or converted to a Chapter 7 ("OSC").[12]

23.   The 1st Bk Case was dismissed on February 22, 2016.[13] On the same date, Debtor and his

---

[10] A true and correct copy of the Docket in the 1st BK Case ("Docket") is attached as Exhibit "9" to the RJN and incorporated herein by reference.
[11] See Docket.
[12] A true and correct copy of the Order Denying Confirmation in the 1st BK Case  is attached as Exhibit "10" to the RJN and incorporated herein by reference.
[13] A true and correct copy of the Order Dismissing the 1st BK Case is attached as Exhibit "11" to the RJN and

wife filed an Unlimited Civil Action against Rose Financial Association; Assured Lender Services, Inc.; and Does 1 through 20, inclusive, initiating Case No. BC 611160 ("State Court Action").[14] Debtor then set an ex parte hearing in the State Court Action on February 24, 2016, on application to enjoin Movant's nonjudicial foreclosure sale of the Property set for that date. Movant opposed the ex parte and it was denied. Movant's nonjudicial foreclosure sale then proceeded at a time Movant believed it was free from all stays and restraining orders on February 24, 2016, and the Property was sold to a third party, DLI Properties LLC or Nominee for the sum of $354,000.01 ("Trustee's Sale"). At the time of the Trustee's Sale, $439,358.31 was due and owing under the Subject Loan which matured on October 15, 2014. The Trustee's Deed Upon Sale has not been recorded. Movant did not learn that this bankruptcy case had been commenced the same date until after the Trustee's Sale.

24.  Movant respectfully requests this Court annul the automatic stay herein nunc pro tunc to the date and time of the commencement of this Case in order to validate the Trustee's Sale. If the stay is not annulled, Movant will suffer an unwarranted hardship due to the costs associated with renoticing and conducting a second foreclosure sale of the Property, as well as the potential injury to the Movant's security interest in the Property that may occur during a second foreclosure sale, while at the same time bringing no benefit to this estate as there is no equity in the Property for the benefit of the Debtor or the estate.

## II.    LEGAL AUTHORITY

### A.    DEBTOR'S BAD FAITH CONSTITUTES SUFFICIENT CAUSE UNDER TITLE 11 U.S.C. SECTION 362 FOR THE COURT TO RETROACTIVELY ANNUL THE AUTOMATIC STAY.

The determination of whether causes exists to grant retroactive relief from the automatic stay requires a case by case analysis, with no particular factors being dispositive. *In re Nat'l*

---

incorporated herein by reference.
[14] A true and correct copy of the Complaint in the State Court Action is attached as Exhibit "12" to the RJN and incorporated herein by reference.

1  *Enctl. Waste Corp.*,129 F.3d 1052, 1055 (9th Cir. 1997). See also, *Christensen v. Tucson Estates,*

2  *Inc. (In re Tucson Estates, Inc.)* 912 F. 2d 1162, 1166 (9th Cir. 1990) ("cause has no clear

3  definition and is determined on a case by case basis"). One factor the bankruptcy court may

4  consider in granting retroactive relief is whether it would have granted relief had the creditor

5  applied before the act violating the stay. *Nat'l Envtl*., supra, 129 F.3d at 1056; see also, *In re*

6  *Kissinger*, 72 F.3d 107, 109 (9th Cir. 1995). The bankruptcy court may also balance the equities

7  in the case based on the totality of the circumstance. *Nat'l Envtl*., supra, 129 F.3d at 1055.

8  Further, where not annulling the stay would either lead to nonsensical results or impose

9  unwarranted hardship on creditors, annulment of the stay is appropriate. *Kissinger*, supra, 72 F.3d

10  at 109.

11      In the instant case, Debtor and his wife entered into a scheme to prevent Movant from

12  obtaining possession of the Property. Debtor's wife first initiated a case under Chapter 13, but

13  confirmation of  her plan was denied upon Movant's objection that the plan was not feasible,

14  *interalia*, and shortly thereafter, the case was dismissed. Debtor and his wife then filed the State

15  Court Action and sought to enjoin the Trustee's Sale upon an ex parte motion which was denied.

16  The same day, Debtor commenced this case to attempt to stop the Trustee's Sale knowing there

17  was no equity in the Property for the benefit of the Debtor or this estate. Accordingly, Debtor and

18  his wife have filed at least two bankruptcy cases for the sole purpose of attempting to prevent

19  and/or invalidate Movant's legitimate foreclosure actions. Not annulling the stay would lead to

20  unwarranted hardship on the Movant, due to the costs associated with renoticing and conducting a

21  second foreclosure sale of the Property, as well as the potential injury to the Movant's security

22  interest in the Property that may occur while commencing a second foreclosure sale, while at the

23  same time bringing no benefit to this estate as there is no equity in the Property for the benefit of

24  Debtor or the estate.

25      Based on the totality of these circumstances, the balancing of the equities in granting

26  Movant's Motion to Annul tips sharply in the Movant's favor. Movant had a valid security

27  interest in the Property and conducted a lawful foreclosure sale without notice of the unauthorized

28

1  transfer and the pendency of this case. Therefore, the Court should enter an Order Granting

2  Movant's Motion.

3  **III.    CONCLUSION**

4          For the reasons set forth herein, *inter alia*, Movant respectfully requests that this Court enter

5  an order annulling the automatic stay herein nunc pro tunc as of the date and time of the

6  commencement of this bankruptcy case.

7                                        Respectfully submitted,

8

9  DATED: March 8, 2016                **LAW OFFICES OF MICHELLE GHIDOTTI**

10                                  By: /s/ Michelle Ghidotti (SBN 232837)
                                        Michelle Ghidotti-Gonsalves, Esq.
11                                      Attorney for KEVIN STECKLER AND TERRY
                                        STECKLER AS TRUSTEE
12                                      OF STECKLER TRUST DATED APRIL 3, 2001

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 5120 E. La Palma Ave. Ste. 206 Anaheim Hills, CA 92807

On March 8, 2016, I served the following document(s) described as:

**DECLARATION OF KEVIN STECKLER IN SUPPORT OF CREDITOR KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE OF STECKLER TRUST DATED APRIL 3, 2001'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY**

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CREDITOR KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE OF STECKLER TRUST DATED APRIL 3, 2001'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE OF STECKLER TRUST DATED APRIL 3, 2001'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| *Debtor* | *Co-Borrower* | *Judge* |
|---|---|---|
| Francisco E Hernandez: | Katya E Hernandez | Honorable Vincent P. Zurzolo |
| 3517 Lowell Ave | 3517 Lowell Ave | 255 E. Temple Street, Suite 1360 |
| Los Angeles, CA 90032 | Los Angeles, CA 90032 | Los Angeles, CA 90012 |

☒    **By United States mail**.  I enclosed the document(s) in a sealed envelope or package addressed to the persons noted above and (specify one):

☐    I deposited such envelope in the United States Mail at Anaheim Hills, California, with postage thereon fully prepaid.

☒    I placed the envelope for collection and mailing on the date and at the place shown above following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

☐    **By overnight delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above.  I placed the envelope or    package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐     **By fax transmission.**   Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above.   No error was reported by the fax machine that I used.   A copy of the record of the fax transmission, which I printed out, is attached.

Scott Kosner: tyson@tysonfirm.com (Debtor's Counsel)
Nancy K Curry (TR): trustee13la@aol.com (Trustee)
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov (U.S. Trustee)

☒     **By e-mail or electronic transmission.**   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.   I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 8, 2016, at Anaheim Hills, California.


/s/Veronica Alonso
Veronica Alonso

PROOF OF SERVICE